January 26, 2011

**VIA ECF AND OVERNIGHT DELIVERY**
The Honorable A. Kathleen Tomlinson
United States District Court
100 Federal Plaza, P.O. Box 9014
Courtroom 910
Central Islip, New York 11722

Re: Scope of Discovery in *New York SMSA Limited Partnership d/b/a Verizon Wireless et al. v. Town of Hempstead*, 2:10-cv-04997 (LDW) (AKT).

Dear Judge Tomlinson:

Plaintiffs hereby oppose Defendants' January 21, 2011 letter motion regarding the scope of discovery. *See* DE 46. Defendants' letter asks for an extension of time to seek expanded discovery beyond the appropriate limits set by this Court on January 10, 2011. *See* DE 39. Plaintiffs respectfully submit that it would not be appropriate to grant Defendants' motion and that the Court should enter an order confirming its January 10 ruling.

During the January 10, 2011 Initial Conference, "defendants' counsel stated that his clients wish to take discovery involving similar ordinances in other states which have not been legally challenged." DE 39 at 2. The Court "inquired of defendants' counsel why they would be relevant to the ordinance which is being challenged in the instant action." *Id.* The Court "advised defendants' counsel that [it] was limiting, for the time being, the scope of discovery in this case to the ordinance at issue." *Id.* However, the Court "further advised defendants' counsel that he may file a motion seeking to expand the scope of discovery" by filing a letter motion "**by January 21, 2011**." *Id.* (emphasis in original).

Defendants have declined to file such a motion. Instead, Defendants filed a letter stating that it "would be premature for the Town to make the motion invited by the Court" because Defendants have not "fully considered the scope of all discovery that will be required." DE 46 at 1. Defendants now seek leave to file a motion to expand the scope of discovery at some later, unspecified date. *Id.* Defendants' letter motion should be denied for several reasons.

***First***, it would not be appropriate to defer a definitive ruling on the scope of discovery given the deadlines in this case. During the January 10 conference, the Court adopted a discovery schedule that is consistent with Judge Wexler's rules and requires the parties to serve their first round of discovery requests by February 14, 2011. DE 39 at 1. The Court's decision to allow Defendants until January 21 to file a motion was predicated on the fact that the parties will need certainty regarding the scope of discovery to formulate their initial discovery requests. Plaintiffs are allowed a limited number of interrogatories and document requests, and discovery

in this case is scheduled to move forward expeditiously. If Defendants could expand the scope of discovery after Plaintiffs formulated their requests, Plaintiffs would be prejudiced. Defendants' decision not to file an extension request by the time provided should resolve the scope of discovery issue.

***Second***, Defendants have had ample time to determine whether they believe there are justifications for expanding the scope of discovery—granting their request for delay only threatens the orderly progress of this case. In November 2010, the Court directed the parties to consider their plans for discovery and to "meet and confer" to discuss those plans. *See* DE 21. Plaintiffs considered their discovery needs and then held a "meet and confer" with Defendants on January 4, 2011. During this meeting, Defendants stated that they intended to engage in extensive fact-finding of approximately 1,000 municipalities nationwide. *See* DE 35 (summarizing the parties' "meet and confer"). Plaintiffs expressed their view that intensive discovery would not be necessary, but that limited discovery into certain aspects of the Hempstead Ordinance would be relevant and appropriate. *See id.* After the meet and confer, each side filed its own proposed discovery plan, which reflected the parties' divergent views. *See id.* All parties have thus had ample time to determine the general scope of their discovery requests. It is inappropriate for Defendants to claim, at this point, that they are unable to decide on the scope of their discovery and to seek an extension of time—above and beyond the time provided by the Court—to make that determination.

***Finally***, the Court's January 10 ruling properly defines the scope of discovery. It is squarely grounded in the text and policies underlying Fed. R. Civ. P. 26 and applicable case law. The Court should therefore enter an order affirming that those limits apply. Rule 26 imposes robust limits on the scope of discovery. The discovery sought must be relevant to a claim or defense in the case, and the burdens of responding to the proposed discovery must not outweigh its benefits. *See, e.g.*, *Ehrlich v. Inc. Vill. of Sea Cliff*, No. CV 04-4025 (LDW) (AKT), 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007). Courts should be aware of the purpose behind a party's discovery request and deny requests designed to "harass the person from whom he seeks discovery" or requests that simply seek to increase the opponent's litigation costs. *See, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978).

This case challenges the lawfulness of a local ordinance adopted by Defendants. Resolution of this case will turn on the specific features of the Hempstead Ordinance, the process used to adopt the Hempstead Ordinance, and the way the Hempstead Ordinance affects the provision of telecommunications service in and around the Town. Discovery into ordinances adopted by thousands of jurisdictions other than Hempstead, which do not involve the provision of service in and around Hempstead, is simply not relevant to any claim or defense in this case. Analogous cases confirm that discovery into the types of allegedly "similar" circumstances sought by Defendants is barred by Rule 26.[1]

---

[1] *See, e.g.*, *Ehrlich v. Inc. Vill. of Sea Cliff*, No. CV 04-4025 (LDW) (AKT), 2007 WL 1593211, at *5 (E.D.N.Y. May 31, 2007) (denying request to inspect property other than that in dispute because "[a]ny relevance . . . is marginal at best . . . and far afield from the crux of this case"); *Ireh v. Nassau Univ. Med. Ctr.*, No. CV 06-09 (LDW) (AKT), 2008 WL 4283344, at *5-6 (E.D.N.Y. Sept. 17, 2008) (refusing discovery of an employee's performance records from prior

Defendants' request to defer a definitive ruling on the scope of discovery should be denied so that discovery can proceed in an orderly and timely fashion.

Respectfully submitted,

/s/ Al Amato
Alfred L. Amato (AA 2354)
Richard S. Keenan (RK 2182)
Megan F. Carroll (MC 3824)
Amy J. Nizzo
AMATO LAW GROUP, PLLC
666 Old Country Road, Suite 901
Garden City, New York 11530
Tel.: (516) 227-6363
Fax: (516) 227-6367

***Attorneys for Plaintiff New York SMSA Limited Partnership d/b/a Verizon Wireless***

/s/ Andrew McBride
Andrew G. McBride (*pro hac vice* AM 1966)
Joshua S. Turner (*pro hac vice* JT 5778)
Megan L. Brown (*pro hac vice* MB 4219)
Brendan T. Carr (*pro hac vice* BC 3689)
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 20006
Phone: (202) 719-7003
Fax: (202) 719-7049

***Attorneys for Plaintiff New York SMSA Limited Partnership d/b/a Verizon Wireless***

/s/ Chris Fisher
Christopher B. Fisher (CF 9494)
CUDY & FEDER LLP
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
Tel.: 914.761.1300
Fax: 914.761.5372

***Attorneys for Plaintiff New Cingular Wireless PCS, LLC***

/s/ Larry Ré
Lawrence C. Ré (LR 6483)
John J. Coughlin (JC 2700)
RÉ, NIELSEN, HUBER & COUGHLIN, LLP
36 North New York Avenue
Huntington, New York 11743
Tel. (631) 425-4100
Fax (631) 425-4104

***Attorneys for Plaintiff Sprint Spectrum L.P.***

---

jobs as irrelevant to a dispute regarding his current performance because "Plaintiff's performance during his prior [employment] . . . bears no relevance to his actual work performance with Defendants"); *Pharm. Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776 (DRH) (AKT), 2008 WL 4415263, at *5 (E.D.N.Y. 2008) ("Marketing plans for a product sold [by] . . . an entity separate and apart from Defendant are not relevant for purposes of this action."); *Warnke v. CVS Corp.*, No. CV 09-397 (ADS) (AKT), 265 F.R.D. 64, 67 (E.D.N.Y. 2010) (refusing to allow the defendant corporation to seek discovery into a former employee's subsequent employment applications because they were not relevant to the company's mitigation defense).

/s/ John Cook
Jon P. Devendorf
Jeffrey W. Davis
John D. Cook (JC 2276)
HISCOCK & BARCLAY, LLP
One Park Place
300 South State Street
Syracuse, New York 13202-2078
Tel.: (315) 425-2700
Fax: (315) 425-8551

***Attorneys for Plaintiff T-Mobile Northeast LLC, a wholly owned subsidiary of T-Mobile USA, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2011, the forgoing letter response was filed in this case and served on the following persons via CM/ECF unless otherwise noted:

Todd C. Steckler
Steven R. Brock
BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.
100 Garden City Plaza
Garden City, New York 11530
*Attorney for Defendants Town of Hempstead and Town Board of Hempstead*

Lawrence C. Ré,
John J. Coughlin
RÉ, NIELSEN, HUBER & COUGHLIN, LLP
36 North New York Avenue
Huntington, New York 11743
Tel: 631.425.4100
Fax: 631.425.4104
*Attorneys for Plaintiff Sprint Spectrum L.P.*

John Muench
Hans Germann
MAYER BROWN LLP
71 S Wacker Dr
Chicago, IL 60606
*Attorneys for Plaintiff New Cingular Wireless PCS, LLC*

Christopher B. Fisher
Brian Galligan
CUDDY & FEDER LLP
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
*Attorneys for Plaintiff New Cingular Wireless PCS, LLC*

Magistrate Judge A. Kathleen Tomlinson*
100 Federal Plaza
Courtroom 910, P.O. Box 9014
Central Islip, NY 11722-9014
(631) 712-5760

Gabriel M. Nugent
Jon P. Devendorf
Jeffrey W. Davis
John D. Cook
HISCOCK & BARCLARY, LLP
One Park Place
300 South State Street
Syracuse, New York 13202-2078
*Attorneys for Plaintiff T-Mobile Northeast LLC*

* Courtesy copy of ECF document sent by overnight delivery

/s/ Brendan T. Carr