February 14, 2011

**VIA ECF AND COURIER**
The Honorable A. Kathleen Tomlinson
United States District Court
100 Federal Plaza, P.O. Box 9014
Courtroom 910
Central Islip, New York 11722

   Re: *New York SMSA Limited Partnership d/b/a Verizon Wireless et al. v. Town of Hempstead*, 2:10-cv-04997 (LDW) (AKT)

Dear Judge Tomlinson:

  Plaintiffs respectfully oppose Defendants' February 5, 2011 letter request that this Court "withdraw its earlier order" limiting discovery. DE 49. Defendants' late-filed letter, declaration, and 47 pages of attachments do not comply with the Court's instructions, and do not justify the sweeping discovery that Defendants' contemplate. This Court should reaffirm the reasonable limitations on discovery set out in its January 10, 2011 Order.

  This case challenges the lawfulness of a single ordinance adopted by the Town of Hempstead (the "Ordinance"). Resolution of these claims will turn on the specific features of the Ordinance, the process used to adopt it, and the way the Ordinance impacts the provision of telecommunications service in and around the Town. However, Defendants apparently wish to turn this litigation into a "test case" for not only its Ordinance but also other laws prepared by its consultant, Mr. Richard Comi, in "perhaps a thousand or more communities." Comi Dec. ¶¶ 5, 4.

  The Court should deny Defendants' request for several reasons. By asking the Court to reverse course and "address" permissible discovery on a case-by-case basis, Defendants once again have failed to file the motion contemplated by the Court in its January 10 and January 27 Orders. Moreover, Defendants propose to engage in "substantial discovery" into "the granting or denial of applications and the provision of wireless services in . . . hundreds of communities" nationwide "over the past decade." *Id.* at ¶¶ 9, 8. Because such discovery is not relevant to this case and will be unduly burdensome, Defendants have not met their burden under FRCP 26.

  Indeed, the Town's plan to use discovery in this case to conduct a national inquiry into wireless siting "experiences" betrays its improper interest in the state of the wireless market. *Id.* ¶ 11 (as the "wireless industry has matured, highly developed areas . . . have approached full coverage . . . [and] communities properly seek proof of need"). But Congress and the FCC, not Hempstead, are responsible for federal communications policy, which seeks "to promote competition and . . . 'encourage the rapid deployment of new telecommunications technologies,'" *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 116 (2005) (quoting Pub. L. No. 104-104, 110 Stat. 56 (1996)), by "reduc[ing] the impediments imposed by local governments upon the installation of facilities for wireless communications, such as antenna towers." *Id.* State and local governments are affirmatively precluded from making their own

judgments about the state of the wireless market. Defendants' submission confirms the Town's inappropriate focus and should be rejected.

## I. DEFENDANTS' REQUEST DOES NOT COMPLY WITH THE COURT'S RULINGS

At the January 10 Initial Conference, "defendants' counsel stated that his clients wish to take discovery involving similar ordinances in other states which have not been legally challenged." Minute Order [DE 39]. "Since those ordinances have not been legally challenged," the Court "inquired of defendants' counsel why they would be relevant to the ordinance which is being challenged in the instant action." *Id.* "After hearing further from counsel for both sides," the Court "advised defendants' counsel that [it] was limiting, for the time being, the scope of discovery in this case to the ordinance at issue." *Id.*

The Court invited Defendants to move to expand discovery by filing a five page motion by January 21. DE 39. On January 21, Defendants sought an open-ended extension of this deadline, and requested that individual discovery requests be treated on a case-by-case basis. DE 46. The Court denied the request for an indefinite extension and case-by-case resolution of discovery requests, and "reluctantly" gave Defendants until February 4 to file a five page letter motion, observing that "[t]here will be no further extensions of this deadline." DE 48. On February 5, Defendants filed a three page letter, accompanied by a five page declaration and 47 pages of attachments, asking this Court to "withdraw its earlier order" and allow "substantial discovery," DE 49 at 3, into "the granting or denial of applications and the provision of wireless services in . . . hundreds of communities" nationwide "over the past decade." Comi Dec. ¶¶ 9, 8. Once again, Defendants seek to leave resolution of the scope of discovery to particular future disputes. DE 49 at 3.

## II. DEFENDANTS HAVE NOT SHOWN THAT THE DISCOVERY THEY SEEK IS JUSTIFIED

Defendants' letter asks this Court to sanction a virtually unlimited expansion of the scope of information subject to discovery in this case. They seek "substantial discovery" about "Plaintiffs' experiences under other town ordinances," DE 49 at 2, including "the granting or denial of applications and the provision of wireless services in . . . hundreds of communities" nationwide "over the past decade," Comi Dec. ¶¶ 9, 8. Under Rule 26(b), courts must cabin discovery to matters that are both relevant to a party's claim or defense and are not unduly burdensome in light of "the needs of the case" and "the importance of the discovery in resolving the issues." FRCP 25(b)(1), (b)(2) (C)(iii); *see also Ehrlich v. Inc. Vill. of Sea Cliff*, No. CV 04-4025 (LDW) (AKT), 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007). Rule 26 thus requires this Court to reign in unwieldy requests for expansive discovery, as the Court did in its January 10 order. The party seeking discovery bears the burden to "'make a prima facie showing that the discovery sought is more than merely a fishing expedition.'" *Liberty Mut. Ins. Co. v. Kohler Co.*, No. CV 08-867 (SJF) (AKT), 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) (quoting *Evans v. Calise*, No. 92-cv-8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994). Defendants' letter does not meet this burden.

### A.     Evidence of Decisions By, and the Provision Of Service In, Other Jurisdictions Is Not Relevant

This case centers on Hempstead, and whether the Ordinance prohibits the provision of wireless telecommunications service in the Town of Hempstead. Discovery into the "past experience of other communities" under allegedly similar ordinances is simply not relevant to any claim or defense in this case, and nothing in Defendants' letter is to the contrary.

At the outset, the notion that hundreds of municipalities have substantially identical ordinances that generate relevant comparative "experiences" is belied by common sense. Myriad locality-specific factors affect how a particular zoning ordinance will operate: topography, population density, network design and deployment, system demand, the presence of buildings and structures, alternative site availability, historical or other protected designations, and the overall regulatory environment. Thus, even two identical ordinances would not have the same impact in different jurisdictions at different times.[1]

But this is academic because the Town has not identified an "identical" or substantially identical ordinance. The Town identifies New Rochelle's code as having "substantially identical" provisions, Comi Dec. ¶ 6, but material differences on the face of the ordinances demonstrate why Defendants' proposed discovery is not reasonably likely to lead to relevant evidence even as to the jurisdiction held up as an example by the Town. New Rochelle, like Hempstead, employs a distance-based prohibition on facilities, but New Rochelle uses a different distance and enumerates different categories of protected properties.[2] Similarly, New Rochelle, like Hempstead, judges the "need" for wireless services, but, unlike New Rochelle, Hempstead demands "pro[of]" and will not consider service that is to be provided adjacent to the Town in its deliberations.[3] And, unlike Hempstead, New Rochelle's code contains no separate treatment for microcell technologies like Distributed Antenna Systems. Thus, even evidence about how a carrier has operated under New Rochelle's code would not illuminate whether Hempstead's Ordinance is preempted by federal law.

In any event, even if substantially similar ordinances governed analogous jurisdictions, case law confirms that discovery into that sort of allegedly "similar" circumstance is not appropriate. *See, e.g.*, *In re Fontaine*, 402 F. Supp. 1219, 1221 (E.D.N.Y. 1975) (allegedly analogous transactions were not discoverable because "each loan is a separate entity and is considered apart from previous applications"); *World Wrestling Federation Entertainment, Inc.*

---

[1] For example, even assuming another jurisdiction has exactly the same "no antenna" zone around precisely the same categories of property as in Hempstead, that jurisdiction's "experience" would not assist the Court in determining the effect of Hempstead's Ordinance. Due to Hempstead's unique characteristics, its 1,500 foot prohibition excludes wireless facilities from more than 95 percent of the Town, and much of the remaining land consists of public beaches and protected wetlands. It is unlikely that another town has the same characteristics.

[2] *Compare* New Rochelle Code, DE 49-1, p 41 (500 feet from schools and nursing homes, among other restrictions), *with* Hempstead Ord. § 142-12 (1,500 feet from property improved with a residential building, house of worship, day care center, or school).

[3] *Compare* New Rochelle Code, DE 49-1, p. 34 (demanding "[d]ocumentation that demonstrates the need . . . to provide service primarily and essentially within the City, <u>with service to adjacent municipalities to not exceed 40% of the total area to be covered</u>"), with Hempstead Ord. § 142-5(H) (demanding "[d]ocumentation that demonstrates <u>and proves</u> the need . . . to provide service primarily and essentially within the Town").

- 3 -

*v. William Morris Agency*, 204 F.R.D. 263, 264-65 (S.D.N.Y. 2001) (Documents evidencing treatment of allegedly analogous clients were not discoverable "[b]ecause the 'treatment of one contracting party in the entertainment field does not really illuminate or is not really relevant to how another party in the entertainment field is treated.'"). The manner in which other municipalities have treated carriers, and how carriers have conducted business under different legal regimes, in different places and times, are not relevant to Hempstead's treatment of carriers or how carriers will operate under that regime. *Accord Dow v. U.S. Airways, Inc.*, No. 1:09-CV-216, 2010 WL 1751886, *1 (D. Vt. Apr. 28, 2010) (absent a pattern or practice claim where the defendant's treatment of other employees was an essential element of the case, "discovery [relating to other employees] could not directly bear on her current claims").

This Court has regularly denied discovery like that sought here. *See Ehrlich v. Inc. Vill. of Sea Cliff*, No. CV 04-4025 (LDW) (AKT), 2007 WL 1593211, at *5 (E.D.N.Y. May 31, 2007) (denying request to inspect property other than that in dispute because "[a]ny relevance . . . is marginal at best . . . and far afield from the crux of this case"); *Ireh v. Nassau Univ. Med. Ctr.*, No. CV 06-09 (LDW) (AKT), 2008 WL 4283344, at *5-6 (E.D.N.Y. Sept. 17, 2008) (refusing discovery of employee's performance records from prior jobs as irrelevant because "Plaintiff's performance during his prior [employment] . . . bears no relevance to his actual work performance with Defendants"); *Pharm. Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776 (DRH) (AKT), 2008 WL 4415263, at *5 (E.D.N.Y. 2008) ("Marketing plans for a product sold [by] . . . an entity separate and apart from Defendant are not relevant for purposes of this action."); *Warnke v. CVS Corp.*, No. CV 09-397 (ADS) (AKT), 265 F.R.D. 64, 67 (E.D.N.Y. 2010) (refusing to allow defendant to seek discovery into former employee's subsequent employment applications because they were not relevant to the company's mitigation defense).

Defendants' cited authorities are not to the contrary. Their cases involve discovery sought by plaintiffs to support claims in their complaints; they do not support Defendants' request for nationwide discovery of allegedly analogous circumstances. Each case is distinguishable. In *Flanagan v. Travelers Insurance Co.*, 111 F.R.D. 42 (W.D.N.Y. 1986), the Court allowed plaintiff's discovery about her employer's other offices because it was "not a case in which the employing unit or office operates independently of other offices." *Id.* at 46. Here, municipalities are clearly independent of each other and certainly are not under the control of the party against whom discovery is sought. Similarly, *Laufman v. Oakley Building and Loan Co.*, 72 FRD 116 (S.D. Ohio 1976)**,** permitted limited discovery of a company's loan practices to support a plaintiff's claim of a pattern of discrimination. There is no such claim in this case. The remaining cases, *Scaturro v. Warren and Sweat Manufacturing Co.*, 160 F.R.D. 44 (M.D. Penn. 1995) and *Dimenco v. Pennsylvania Railroad Co.*, 19 F.R.D. 499 (D. Del. 1956), were tort actions and properly limited plaintiffs' discovery to related incidents and products that could demonstrate defendants' prior notice. They do not support the discovery sought here.

### B.    Defendants' Request Must be Denied Because it is Unduly Burdensome

Even if the information sought by Defendants were relevant, their proposed expansion of discovery is unduly burdensome. A discovery request is properly rejected where the "burden or expense" "outweighs its likely benefit." FRCP 26(b)(2)(C). *See, e.g., Bellinger v. Astrue*, No. CV-06-321 (CBA), 2009 WL 2496476, at *4 (E.D.N.Y. Aug. 14, 2009) (rejecting motion to compel interrogatories seeking career information about more than 200 employees because the

burden "would be substantial"); *Wright-Jackson v. HIP Health Plan*, No. 07 Civ. 1819 (DFE), 2009 WL 1024244, at *10 (S.D.N.Y. Apr. 15, 2009) (finding request to compel information about all projects that two employees worked on over 14-months overly burdensome); *Dow*, 2010 WL 1751886, at *2 (denying motion to compel nationwide employment information where "[s]uch company or nation-wide discovery would impose a heavy burden and substantial expense . . . without a concomitant benefit to the action").

Defendants seek expansive discovery covering many years and types of data about regulatory efforts and business plans in unidentified jurisdictions nationwide, and do not even attempt to justify the burdens imposed by their request, other than to assert that "[s]uch discovery is not excessive or unusual in significant national corporate litigation." DE 49 at 3; *see also* Comi Dec. ¶ 8 (communities' experiences "over the past decade"); ¶ 4 (ordinances in place "for five to ten years or more"); ¶ 5 ("many years of applications and decisions in other communities" is "perhaps the best data available"). This could potentially require Plaintiffs to locate, compile, and review data related to hundreds or thousands of towns—indeed, nationwide there are more than 250,000 cell cites used by the wireless industry.[4] Nor would it be appropriate to adopt the case-by-case approach to discovery disputes advocated by the Town. Defendants seek undefined "data and documents in Plaintiffs' files" to enable it to conduct "some follow-up on a manageable number of matters based on the results of the initial document production or some similar approach" that they do not define. DE 49 at 3. Permitting the Town to pursue such an unfettered inquiry would dramatically broaden the scope of the information subject to preservation, retention, and production, without any countervailing benefit.

Defendants' request is particularly improper because they can obtain much of the information elsewhere. The only information specifically identified seems to encompass "evidence of the granting or denial of applications," Comi Dec. ¶ 9, and "data from past decisions," *id*. ¶ 5. This information appears to already be in the possession of Mr. Comi, who states that he has worked with hundreds of local governments and whose "generic ordinance" allegedly was adopted in those "hundreds of communities." DE 49 at 2. To the extent that Mr. Comi does not have this data, it appears to involve publicly available information that can be retrieved from whatever jurisdictions that Mr. Comi claims are relevant.

In sum, the Court's January 10 order remains correct. Defendants have not carried their burden of showing that the type of expansive, burdensome, and nationwide discovery they seek is permissible under Rule 26 and applicable case law.

Respectfully submitted,

| /s/   Al Amato | /s/   Andrew McBride |
|---|---|
| Alfred L. Amato (AA 2354) | Andrew G. McBride (*pro hac vice* AM 1966) |
| Richard S. Keenan (RK 2182) | Joshua S. Turner (*pro hac vice* JT 5778) |
| Megan F. Carroll (MC 3824) | Megan L. Brown (*pro hac vice* MB 4219) |

---

[4] *See* CTIA—The Wireless Association® Mid-Year 2010 Top-Line Survey Results (2010) (http://files.ctia.org/pdf/CTIA__Survey_Midyear_2010_Graphics.pdf)

<div style="columns:2">

Amy J. Nizzo
AMATO LAW GROUP, PLLC
666 Old Country Road, Suite 901
Garden City, New York 11530
Tel.: (516) 227-6363
Fax: (516) 227-6367

***Attorneys for Plaintiff New York SMSA Limited Partnership d/b/a Verizon Wireless***

   /s/   Chris Fisher
Christopher B. Fisher (CF 9494)
CUDY & FEDER LLP
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
Tel.: 914.761.1300
Fax: 914.761.5372

***Attorneys for Plaintiff New Cingular Wireless PCS, LLC***

   /s/   John Cook
Jon P. Devendorf
Jeffrey W. Davis
John D. Cook (JC 2276)
HISCOCK & BARCLAY, LLP
One Park Place
300 South State Street
Syracuse, New York 13202-2078
Tel.: (315) 425-2700
Fax: (315) 425-8551

***Attorneys for Plaintiff T-Mobile Northeast LLC, a wholly owned subsidiary of T-Mobile USA, Inc.***

Brendan T. Carr (*pro hac vice* BC 3689)
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC 20006
Phone: (202) 719-7003
Fax:     (202) 719-7049

***Attorneys for Plaintiff New York SMSA Limited Partnership d/b/a Verizon Wireless***

   /s/   Larry Ré
Lawrence C. Ré  (LR 6483)
John J. Coughlin (JC 2700)
RÉ, NIELSEN, HUBER & COUGHLIN, LLP
36 North New York Avenue
Huntington, New York 11743
Tel. (631) 425-4100
Fax (631) 425-4104

***Attorneys for Plaintiff Sprint Spectrum L.P.***

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2011, the forgoing letter response was filed in this case and served on the following persons via CM/ECF unless otherwise noted:

Todd C. Steckler
Steven R. Brock
BERKMAN, HENOCH, PETERSON,
PEDDY & FENCHEL, P.C.
100 Garden City Plaza
Garden City, New York  11530
*Attorney for Defendants Town of Hempstead and Town Board of Hempstead*

Lawrence C. Ré,
John J. Coughlin
RÉ, NIELSEN, HUBER & COUGHLIN, LLP
36 North New York Avenue
Huntington, New York  11743
Tel: 631.425.4100
Fax: 631.425.4104
*Attorneys for Plaintiff Sprint Spectrum L.P.*

John Muench
Hans Germann
MAYER BROWN LLP
71 S Wacker Dr
Chicago, IL 60606
*Attorneys for Plaintiff New Cingular Wireless PCS, LLC*

Christopher B. Fisher
Brian Galligan
CUDDY & FEDER LLP
445 Hamilton Avenue, 14th Floor
White Plains, New York  10601
*Attorneys for Plaintiff New Cingular Wireless PCS, LLC*

Magistrate Judge A. Kathleen Tomlinson*
100 Federal Plaza
Courtroom 910, P.O. Box 9014
Central Islip, NY 11722-9014
(631) 712-5760

Gabriel M. Nugent
Jon P. Devendorf
Jeffrey W. Davis
John D. Cook
HISCOCK & BARCLARY, LLP
One Park Place
300 South State Street
Syracuse, New York  13202-2078
*Attorneys for Plaintiff T-Mobile Northeast LLC*

* Courtesy copy of ECF document sent by overnight delivery

    /s/ Brendan T. Carr