UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
NEW YORK SMSA LIMITED PARTNERSHIP doing
business as Verizon Wireless, NEW CINGULAR WIRELESS
PCS, LLC, SPRINT SPECTRUM L.P., and T-MOBILE
NORTHEAST LLC,

                    Plaintiffs,

                -against-

TOWN OF HEMPSTEAD and TOWN BOARD OF THE
TOWN OF HEMPSTEAD,

                    Defendants.
-------------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

CV 10-4997 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiffs New York SMSA Limited Partnership doing business as Verizon Wireless, New Cingular Wireless PCS, LLC, and T-Mobile Northeast LLC (together "Plaintiffs" or the "Carriers") initiated this action against the Town of Hempstead and the Town Board of Hempstead ("Defendants" or the "Town") arising out of the Town's allegedly unlawful wireless zoning regulations codified as Chapter 142 of the Code of the Town of Hempstead (the "Ordinance"). Before the Court is Plaintiffs' motion to amend the Complaint to add a cause of action based on a recently enacted federal statute, the Middle Class Tax Relief and Job Creation Act of 2012 § 6409(a) (the "TRA").[1] DE 89. Defendants oppose the motion. DE 91. For the reasons that follow, the motion is GRANTED.

---

[1] Plaintiffs also seeks leave to remove Sprint Spectrum L.P ("Sprint") from the caption since Sprint voluntarily dismissed its claims against Defendants as of April 12, 2011, *see* DE 52. This is a technical amendment that Defendants do not oppose. Plaintiffs are therefore granted leave to amend the Complaint to that extent.

1

## II.    BACKGROUND

The Town of Hempstead is located in Nassau County, New York.  Compl. ¶ 24.  The Town Board of the Town of Hempstead is the legislative body of the Town and is responsible for enacting legislation.  *Id.* ¶ 25.  Plaintiffs are companies that provide commercial wireless services and personal wireless services in and around the Town of Hempstead.  *Id*. ¶¶ 26, 27, 29.

The Ordinance at issue was adopted on September 1, 2012 and became effective on September 29, 2010.  *See* Compl., Ex. 1.  In relevant part, the Ordinance provides that:

> [N]o person shall be permitted to site, place, build, construct, modify or prepare any site for the placement or use of Wireless Telecommunications Facilities without having first filed completed building permit applications with the Department of Buildings, including all support documentation required hereunder, and thereupon having obtained a building permit from the Department of Buildings, based on a Special Use Permit from the Board of Appeals and/or any and all other approval as required herein as required by law.

*Id*. § 142-5(A).  The Ordinance sets forth a multi-step application and review process for obtaining permits and includes limitations on the location of new tower sites.  *Id.* §§ 142-5(A)-(S), 142-6.  Moreover, the Ordinance gives the Town the right to "hire any Consultant and/or expert necessary to assist the Town in reviewing and evaluating" applications.  *Id.* § 142-13.  Applicants must reimburse the Town for their consulting costs and deposit $8,500 into an escrow account for this purpose.  *Id.* § 142-13(B).  The Ordinance also requires that if additional funds are needed to reimburse the Town, the applicant must "replenish" the escrow account before the Town will take any further action on the application.  *Id.* § 142-13(C).  Furthermore, the Ordinance gives the Town the broad discretion to have telecommunications facilities removed if the Department of Buildings determines that the "health, safety, and welfare interests of the Town warrant and require" such removal.  *Id.* § 142-21.

Plaintiffs filed their original Complaint on October 29, 2010. The Complaint alleges that the Ordinance goes "far beyond [the Town's] legitimate zoning authority" and "deliberately intruded into the most basic operational and technical aspects of wireless network development and deployment." Compl. ¶ 2. Plaintiffs assert the following causes of action: preemption under the Communications Act of 1934 (47 U.S.C. § 253, § 332(c)(7)(B)(i), § 332(c)(7(B)(iv), § 332(c)(7)(B)(i)(I); § 332(c)(3)) and the Supremacy Clause of the U.S. Constitution; preemption of technical and operational standards and the Supremacy Clause; failure to comply with the State Environmental Quality Review Act ("SEQRA"); unlawful exercise of zoning power; "Unduly Burdensome Requirements Render the Ordinance Unconstitutional;" and "Void for Vagueness." *Id*. ¶¶ 230-73.

Defendants answered the complaint on January 6, 2011 and the Initial Conference was held on January 10, 2011. DE 39. During the Initial Conference, the Court established April 11, 2011 as the deadline for joinder of additional parties and amendment of pleadings. DE 40. The Court also set September 5, 2011 as the deadline for completion of fact discovery. *Id.*

On May 26, 2011, Plaintiffs filed a letter motion seeking a stay of the action to enable the parties to further explore settlement discussions. DE 55. Judge Wexler denied the motion to stay, but adjourned the other deadlines in the case for 90 days. Electronic Order dated July 14, 2011. Thereafter, the Court issued an Amended Case Management and Scheduling Order which set a status conference for August 31, 2011 and extended the deadline for the completion of fact discovery to December 5, 2011. DE 57. The deadline to amend the pleadings was not extended because it had already expired.

On August 24, 2011, the parties jointly submitted another motion to adjourn the status conference until September 30, 2011 because they had made significant progress in settlement

negotiations and wanted to pursue in-person settlement discussions.  DE 58.  The Court granted this motion.  Electronic Order dated Aug. 25, 2011.  The parties did not reach a settlement and on November 22, 2011, the parties submitted a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge.  DE 78.  Judge Wexler signed the consent form and the case was referred to the undersigned Magistrate Judge for all purposes.  DE 80.

On February 24, 2012, the Town submitted a status report advising the Court of the recent enactment of the TRA which the Town described as a "major development affecting this litigation" and indicated that although they had not had a chance to interpret the TRA, it initially appeared that "the Town would need to enact a new wireless ordinance."  DE 86.  The Town further advised the Court that the Plaintiff Carriers had proposed to amend their Complaint in light of the new legislation, but the Town took the position that "it makes no sense to proceed with litigation over the current ordinance when it appears that the Town will be enacting a new one."  *Id*.  Therefore, the Town suggested that the parties "discuss some form of abatement of the current litigation . . . " and asked the Court to defer the remaining deadlines in the case.  *Id*.  The Court denied the application, without prejudice, pending a response from the Carriers regarding the Town's proposal.  Electronic Order dated Feb. 27, 2012.  Thereafter, the Carriers submitted a letter in which they stated their position that the TRA was not a reason to further delay the matter and requested leave to amend the Complaint to add a claim that the Ordinance violated the TRA. DE 87.  The Town submitted a letter in opposition to the motion in which they reiterated that they intended to pass a new ordinance and requested that the Court defer from ruling on the request to amend "pending further status reports in a month . . . ."
DE 88.  The Court denied the Carriers' letter motion to amend, without prejudice, as procedurally defective because motions to amend must be made by formal motion pursuant to

the Federal Rules of Civil Procedure. Electronic Order dated Mar. 5, 2012. The instant motion followed.

### III. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Accord Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). A court "should freely give leave when justice so requires" and such leave is in the court's discretion. *See* FED. R. CIV. P. 15(a); *Grace v. Rosenstock*, 228 F.3d 40, 56 (2d Cir. 2000).

Notwithstanding the foregoing principle, leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue or allowance of the amendment, futility of the amendment, etc." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *SCS Commc'n Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004) ("[U]nder Rule 15(a), leave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent.") (emphasis in original). "'The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial.'" *Pasternack v. Lab. Corp. of Am.*,--- F. Supp. 2d ----, 2012 WL 3871348, at *8 (S.D.N.Y. 2012) (quoting *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994)); *accord Allstate Ins. Co. v. Elzanaty*,--- F. Supp. 2d ----, 2013 WL 65986, at *25 (E.D.N.Y. 2013). The opposing party likewise bears the burden of establishing that an amendment would be futile. *See Cummings-*

*Fowler v. Suffolk Community Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012) (citing *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998)).

Rule 15(a) does not, however, provide the sole standard for the Court's analysis where, as here, the motion was filed after a deadline set by the Court in the Case Management and Scheduling Order. *246 Sears Road Realty Corp. v. Exxon Mobil Corp.*, No. 09-CV-889, 2012 WL 4174862, at *9 (E.D.N.Y. Sept. 18, 2012); *Sokol Holdings, Inc., v. BMB Munai, Inc.*, 05-CV-3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009). Rule 16(b) of the Federal Rules of Civil Procedure is also implicated in such cases. *Id*.

According to Rule 16(b), the court must enter a scheduling order setting deadlines for subsequent proceedings in the case, including "the time to join other parties [and] amend the pleadings." Fed. R. Civ. P. (16(b). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleading will be fixed.'" *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (internal quotations omitted). In certain cases, however, the Court may determine that a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* "In such cases, where the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline." *Id.*; *see 246 Sears Road Realty Corp.*, 2012 WL 4174862, at *9. "[I]n allowing modifications of scheduling orders only for good cause, [Rule 16(b)] provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243–44 (2d Cir. 2007).

"Good cause in this context depends on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that is has been diligent in its effort to meet the

Court's deadlines." *Sokol*, 2009 WL 2524611, at *7 (internal citations and quotations omitted); *see Enzymotec Ltd. V. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2011). "In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol*, 2009 WL 2524611 at *7 (citing *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). In determining whether the good cause standard is met, "the primary consideration is whether the moving party can demonstrate diligence[,]" but that is not the only consideration. *Kassner*, 496 F.3d at 244. "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Id.*; *see Ritchie Risk Limited Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 n.2 (S.D.N.Y. 2012).

**IV.     DISCUSSION**

     **A.     Rule 16(b) Analysis**

Plaintiffs' proposed new cause of action is based on provisions of the TRA which were signed into law on February 22, 2012. *See* 47 U.S.C. § 1455. Plaintiffs filed their initial letter motion to amend on February 28, 2012. DE 87. After the Court rejected the letter motion as procedurally defective, Plaintiffs served a formal motion to amend on March 30, 2012. *See* DE 89. The Court finds that Plaintiffs acted diligently, notwithstanding that the motion was filed after the April 11, 2011 deadline to amend pleadings. Courts will find that a party has not acted diligently where the proposed amendment is based on information the party knew, or should have known, in advance of the motion deadline. *Parker*, 204 F.3d at 340; *Sokol*, 2009 WL 2524611, at *8. In this case, Plaintiffs could not have moved prior to the enactment of the law on which their new claims are based. "The 'good cause' standard may be satisfied by showing

7

that the substantive law changed . . . following the scheduling deadline." *Woodworth v. Erie Ins. Co.*, 05-CV-6344, 2009 WL 1652258, at *3–4 (W.D.N.Y. June 12, 2009); *see also Park B. Smith, Inc. v. CHF Indus.*, 811 F. Supp. 2d 766, 780 (S.D.N.Y. 2011); *Smart v. Arnone*, 315 F. Supp. 2d 292, 293-94 (W.D.N.Y. 2004); *Oxaal v. Internet Pictures Corp.*, No. 00-CV-1863, 2002 WL 485704, at *1 (N.D.N.Y. March 27, 2002). Since Plaintiffs acted diligently following the enactment of the TRA, the Court concludes that the good cause standard of Rule 16(b) is satisfied. The Court notes that Defendants do not put forth any arguments regarding Plaintiffs' lack of good cause other than to state that it is Plaintiffs' burden to prove good cause. Defs.' Mem. at 2-3.

    **B.**    **Rule 15(a) Analysis**

Once the moving party has satisfied its burden of establishing that it has met the good cause standard under Rule 16, the Court must then "consider whether the proposed amendment would be futile, unduly prejudicial, or otherwise improper based on the Rule 15(a) standards that otherwise govern motions to amend." *Sokol*, 2009 WL 2524611, at *8 (citing *Parker*, 204 F.3d at 340; *Estate of Ratcliffe v. Pradera Realty Co.*, No. 05-CV-10272, 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007). At this point, the burden shifts to the party opposing the motion for leave to amend to establish that there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue or allowance of the amendment, futility of the amendment, etc." *Williams*, 659 F.3d at 213-14; *SCS Commc'n Inc.*, 360 F.3d at 345. Defendants argue that Plaintiffs' motion should be denied because: (1) the proposed amendment is futile; (2) the motion is made in bad faith and Plaintiffs have a dilatory motive; and (3) the

8

proposed amendment would result in undue prejudice to Defendants. The Court will address each argument in turn.

*1. Futility*

A proposed amendment is futile when it fails to state a claim upon which relief can be granted. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). A determination of futility is governed by the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Aetna Cas. & Sur. Co.,* 404 F.3d at 604. Under Rule 12(b)(6), the court must accept as true the factual allegations set forth in the complaint and draw all reasonable inferences in favor of plaintiff. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Moreover, the review is limited to facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference. *See Nechis*, 421 F.3d at 100. A complaint should not be dismissed unless it does not set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The complaint must "raise a right to relief above the speculative level." *Id*. at 555. "A complaint is inadequately pled 'if it tenders naked assertions' devoid of 'further factual enhancement.'" *Brookfield Asset Mgmt., Inc. v. AIG Fin. Prods. Corp.*, No. 09-CV-8285, 2010 WL 3910590, at *4 (S.D.N.Y. Sept. 29, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,129 S. Ct. 1937, 1949 (2009)).

Defendants first argue that the proposed amendment is futile because they are going to repeal the Ordinance resulting in "no substantial controversy to litigate." Defs.' Mem. at 4; *see id.* at 5 ("The Court should not countenance the [Plaintiffs] desire to continue litigating a dead

case."). "Article III, Section 2 of the Constitution limits the subject matter jurisdiction of the federal courts to the resolution of cases and controversies." *Town of Babylon v. Fed. Housing Auth.*, 699 F.3d 221, 228 (2d Cir 2012); *see DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) ("'Federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'"); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472 (1990)) ("[T]he controversy between the parties must be a live one at all stages of federal court proceedings as a prerequisite to federal court jurisdiction."). Thus, legislative repeal of a challenged statute will usually render a case moot. *See Coll. Standard Magazine v. Student Ass'n of State Univ. of New York at Albany*, 610 F.3d 33, 35 (2d Cir. 2010); *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 61 (2d Cir. 1992) ("Constitutional challenges to statutes are routinely found moot when a statute is amended . . . ."). Here, however, the Ordinance has not yet been repealed or amended. Thus, there is a live controversy as to its constitutionality and the Carriers' proposed claim would not be subject to dismissal on mootness grounds at this time.

The Court notes that it has been over a year since the Carriers indicated their desire to amend and the Town has yet to pass a new ordinance. Thus the Town's concern that the Carriers "hope to race through the litigation and strike down the . . . Ordinance before the Town can repeal it," *see* Defs.' Mem. at 4-5, is not well-founded since the Town has had ample time to repeal the Ordinance. Thus, the controversy is further from being resolved than the Town asserts. Indeed, the Town acknowledges that "no one is in a position to commit the Town to future legislative action" and a new ordinance will require "careful consideration and deliberate action." Defs.' Mem. at 11. The Court will not require the Carriers to rely on the Town's assertions that it is going to repeal the Ordinance. If and when the Ordinance is repealed, the Town can seek appropriate relief.

10

The Town also appears to argue that the Carriers' TRA § 6409 claim is futile because it fails to state a claim. *See* Defs.' Mem. at 5-6. In support of this argument, Defendants put forth various interpretations of § 6409 that the Carriers may adopt and then argue against their reasonableness. *See id*. The Town does not, however, demonstrate that the Carriers have no claim under TRA § 6409. Indeed, the Town previously acknowledged that the TRA is "a major development affecting this litigation" and that initial characterizations of the TRA "suggest that the Town would need to enact a new wireless ordinance." DE 86. In light of these representations, the Town cannot now be heard to argue that Plaintiffs have no claim under the TRA.

In any event, the Court concludes independently that the proposed claim is not futile. TRA § 6409 mandates that "a State or local government may not deny, and shall approve, any eligible facilities request for a modification of an existing wireless tower or base station that does not substantially change the physical dimensions of such tower or base station." 47 U.S.C. § 1455(a)(1). The statute defines "eligible facilities requests" as "any request for modification of an existing wireless tower or base station that involves: (A) collocation of new transmission equipment; (B) removal of transmission equipment; or (C) replacement of transmission equipment." *Id.* § 1455(a)(2). [2] The Carriers' proposed new claim states, in pertinent part, that:

> The Town no longer has authority to treat collocation and upgrades or modifications in the same manner as it does new towers. The Town cannot impose exorbitant fees, lengthy application processes, and public hearings on these changes because Section 6409 directs that the Town "may not deny, and shall approve" these requests. In other words, any Ordinance that requires the full panoply of fees and procedures for collocation and upgrades or modifications is now expressly preempted by Section 6409.

---

[2] The Court points out that it has been unable to find any case decided to date which provides an interpretation of TRA § 6409 – nor have the parties cited any.

*See* Pls.' Proposed Am. Compl. ¶ 272, Ex. 1 to Decl. of Andrew G. McBride in Support of Pls.' Mo for Leave to Amend the Compl. [DE 89-1]. The parties do not address which specific provisions or applications of the Ordinance run afoul of § 6409. Nevertheless, under the plain language the statute, the Court cannot say that the Carriers' proposed claim is futile.

Finally, the Town states that since it has voluntarily "relax[ed] statutory requirements administratively," the Carriers' concerns about an onerous application scheme are unfounded and the Carriers should be forced to litigate any problems it has with specific permit applications in individual actions. Defs.' Mem. at 7-9. In essence, the Town argues that since it is no longer enforcing the objectionable aspects of the Ordinance, a claim challenging the Ordinance is moot. "While ordinarily the voluntary cessation of allegedly illegal conduct does not deprive a federal court of jurisdiction, such action does bear on whether the court should, in the exercise of its discretion, dismiss the case as moot." *Harrison*, 981 F.2d at 59; *see Christian Legal Soc. v. Martinez*, -- U.S. ----, 130 S. Ct. 2971, 3010 n.3 (2010); *United States v. W.T. Grant Co.*, 345 U.S. 629, 632–33 (1953)). A court should not, however, dismiss a case as moot based on changes made by the defendant after litigation commenced "unless it is absolutely clear that the defendant cannot resume the allegedly offending conduct." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010); *accord Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 701, 719, 127 S. Ct. 2738 (2007). Based on the current record, the Court cannot state unequivocally that there is no chance that the Town will not resume its allegedly illegal conduct. The Town has acknowledged that the TRA is a "major development affecting this litigation." DE 86. However, the Town's response to date concerning the impact of the TRA has not been entirely consistent. Notably, the Town has stated at different times that it will either repeal the Ordinance, amend the Ordinance, or relax its

enforcement of the Ordinance. In light of this uncertainty, and the procedural posture of the case, the Court is not compelled to adopt the Town's representations regarding its enforcement of the statute. *See id.*; *Peco Energy Co. v. T'ship of Haverford*, No. 99-CV-4766, 1999 WL 1240941, at *8 (E.D. Pa. Dec. 20, 1999) (rejecting proposal to consider challenges to ordinance on a case-by-case basis and refusing to "assume, based on nothing more than faith in the goodwill of the Township" that the ordinance at issue would be enforced in a lawful manner).

In sum, the Town has not demonstrated that Carriers' claim that the Ordinance violates § 6409 of the TRA is futile.

### 2. *Undue Prejudice*

Defendants maintain that allowing Plaintiffs to amend the Complaint would result in undue prejudice. Defs.' Mem. 9-10. Specifically, with respect to prejudice, the Town argues that:

> [P]rolonging litigation such as the present case by seeking to strike down an ordinance before it can be repealed is abusive and wasteful of the resources of the Court and the Town. The Carriers should not be permitted to prolong this unnecessary litigation in an attempt to obtain a fast, favorable ruling on the scope of § 6409. The prejudice to the Town resulting from the Carriers' tactics is obvious and should not be tolerated.

Defs.' Mem. at 9-10. Most respectfully, the Town appears to be complaining about a situation which essentially seems to be of its own making. As discussed above, the Court will not force the Carriers to accept the Town's representations that it is going to repeal the Ordinance, especially in light of the equivocal nature of those representations and the lack of any action for over a year now.

Even if the new claim will necessitate additional discovery as the Town asserts, *see* Defs.' Mem. at 10, such discovery does not constitute "undue prejudice." In determining

13

whether a proposed amendment would cause undue prejudice, courts consider whether the proposed amendment would "(1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." *Jackson v. Roslyn Bd. of Educ.*, 596 F. Supp. 2d 581, 586 (E.D.N.Y. 2009) (quoting *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 151 (S.D.N.Y. 2003)). "'The type of prejudice that warrants denial of leave to amend is usually such that it puts the opposing party at an unfair disadvantage,' such as the addition of a new claim on the eve of trial." *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023, 2010 WL 1257803, at *12 (E.D.N.Y. Mar. 26, 2010) (quoting *In re Osage Exploration Co.*, 104 F.R.D. 45, 49 (S.D.N.Y. 1984) (internal alterations omitted)); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514, 2010 WL 445192, at *11 (S.D.N.Y. Feb. 8, 2010)). The Town has not demonstrated that the addition of the new claim nor the discovery it will need to litigate the new claim will significantly delay the resolution or prevent the plaintiff from bringing a timely action in another jurisdiction. Moreover, a trial has not been scheduled in this matter and the Town will be permitted sufficient time to conduct any discovery it needs. Thus, the Town will not be unduly prejudiced by the proposed amendment.

### 3. *Bad Faith and Dilatory Motive*

As to bad faith and dilatory motive, the Town argues that the Carriers have a "desire to keep this litigation pending in hopes that it will discourage other municipalities from enacting ordinances similar to the . . . Ordinance or retaining Mr. Comi, a Town consultant, to evaluate and advise on the Carriers' wireless siting applications in other regions." Defs.' Mem. at 9. This statement is both speculative and unsupported. The Court has not been provided with any evidence that the Carriers' motion to amend is motivated by anything other than a desire to seek

relief under a newly enacted, relevant statute nor does the Court have any reason to believe that is the case at this juncture. Therefore, the Court finds unpersuasive Defendants' argument that Plaintiffs are not proceeding in good faith.

For the foregoing reasons, Plaintiffs' motion to amend the Complaint is GRANTED. The Plaintiffs are to file the Amended Complaint on ECF by April 2, 2013. A telephone conference is set for April 12, 2013 at 10:00 a.m. to discuss any further discovery needs necessitated by the amendments, as well as the remainder of the pre-trial schedule in this case.

**SO ORDERED.**

Dated: Central Islip, New York
       March 19, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge