**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

NEW YORK SMSA LIMITED PARTNERSHIP
d/b/a VERIZON WIRELESS, NEW CINGULAR
WIRELESS PCS, LLC, and T-MOBILE
NORTHEAST, LLC,

                Plaintiffs,

  -against-                                      Civil Action No.
                                                        10-cv-4997 (AKT)

TOWN of HEMPSTEAD and TOWN BOARD
of the TOWN OF HEMPSTEAD,

                Defendants.

-------------------------------------------------------------X

**UNITED STATES OF AMERICA'S**
**ACKNOWLEDGEMENT OF CONSTITUTIONAL CHALLENGE AND**
<u>**REQUEST REGARDING SCHEDULING**</u>

       On December 10, 2014, Defendants Town of Hempstead and Town Board of the Town of Hempstead (collectively "Defendants") filed a Notice of Constitutional Question in the above-captioned litigation pursuant to Federal Rule of Civil Procedure 5.1(a). *See* ECF No. 137. For the reasons discussed below, counsel for the United States respectfully requests that the Court extend the time period during which the United States may intervene from today, February 9, 2015, to April 15, 2014.

       In their Notice of Constitutional Question, Defendants state that they "question the constitutionality of a federal statute in their Eighth Affirmative Defense." *Id.* at 1. Specifically, Defendants state that "Plaintiffs' claims under Section 6409 of the Middle Class Tax Relief and Job Creation Act of 2012, Pub. Law 112-96, 47 U.S.C. § 1455(a), are barred because Section 6409 is unconstitutional, in that it violates the Tenth

Amendment and other provisions of the Constitution of the United States." *Id.* (quoting ECF No. 123, at 26).

The United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question. 28 U.S.C. § 2403(a). Under Federal Rule of Civil Procedure 5.1(c), the United States may intervene within sixty days after a Rule 5.1(a) notice has been filed, "[u]nless the court sets a later time." Today is the last day of that sixty-day period.

Counsel for the United States respectfully advises the Court that the United States has not yet decided whether to intervene in this action to defend the constitutionality of Section 6409. The approval of the Solicitor General is required for the United States to intervene in an action to defend the constitutionality of a federal statute. *See* 28 C.F.R. § 0.21. The process of obtaining approval from the Solicitor General generally takes at least several weeks, and Defendants' Rule 5.1(a) notice only recently came to the attention of the office within the Department of Justice responsible for recommending to the Solicitor General whether intervention is warranted. The necessary approval cannot be obtained by the original deadline for intervention.

Furthermore, an extension of the deadline would allow counsel for the United States to evaluate Defendants' constitutional challenge in light of the summary judgment brief that Defendants are scheduled to file on February 20, 2015. At present, counsel for the United States does not know whether Defendants will move for summary judgment on the constitutional issue raised in their Answer, and the Answer identifies only one of the multiple constitutional provisions on which Defendants appear to rely. Awaiting the

filing of Defendants' brief will therefore allow the United States to make a better-informed decision regarding intervention.

Accordingly, counsel for the United States respectfully requests that the Court extend the time period during which the United States may intervene to April 15, 2014. If the United States intervenes, it will file its memorandum in defense of the constitutionality of Section 6409 that same day.  Such an extension should not require modification of the existing briefing schedule, as the United States would file its memorandum fifteen days before Defendants' reply is due.

Defendants and Plaintiffs New York SMSA Limited Partnership d/b/a Verizon Wireless and T-Mobile Northeast, LLC do no oppose the United States' request for an extension.  Counsel for the United States attempted to contact counsel for New Cingular Wireless regarding its request on Friday, November 6, 2015, but has not yet received a response.  A proposed order is attached.

Dated:  February 9, 2015	Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

 /s/  Matthew J. Berns
MATTHEW J. BERNS
District of Columbia Bar No. 998094
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Phone:  (202) 616-8016
Fax:  (202) 616-8470
Matthew.J.Berns@usdoj.gov
*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on February 9, 2015, a true and correct copy of the foregoing document was filed electronically through the Eastern District of New York Electronic Filing System. Notice of this filing will be sent by operation of the court's Electronic Filing System to all registered users in this case.

      /s/ Matthew J. Berns
MATTHEW J. BERNS
District of Columbia Bar No. 998094
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Phone: (202) 616-8016
Fax: (202) 616-8470
Matthew.J.Berns@usdoj.gov